# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:06CR00039-002 |
| v. | ) | **OPINION AND ORDER** |
| **GABRIEL SCOTT BERRY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Gabriel Scott Berry, Pro Se Defendant.*

Gabriel Scott Berry, proceeding pro se, has submitted a letter which I will treat as a motion requesting that the court remit the restitution order in his criminal judgment. For the reasons that follow, I decline to remit the restitution order.

Berry and his codefendant, Patricia Widener, each pleaded guilty to one count of conspiring to manufacture methamphetamine. On November 13, 2006, Berry was sentenced to 135 months incarceration, to be followed by five years of supervised release. Berry was also ordered to pay restitution to the Drug Enforcement Agency, jointly and severally with Widener, in the amount of $10,950.

In 2016, President Obama commuted codefendant Widener's sentence, reducing her term of imprisonment and remitting the unpaid balance of her

$10,950 restitution obligation. Berry, who has served his term of incarceration and is now serving his term of supervised release, appears to argue that because Widener was relieved of her restitution obligation, he too is relived of payment of the ordered restitution.

"[A]n order of restitution carries the civil effects of joint and several liability . . . ." *United States v. DiBruno*, 438 F. App'x 198, 202 (4th Cir. 2011) (unpublished). If two or more defendants are held jointly and severally liable, "each defendant is held liable for the entire amount of the harm; provided, however, that the [victim] recover only once for the full amount." *Honeycutt v. United States*, 137 S. Ct. 1626, 1631 (2017).

Because Berry and Widener were each liable for the entire amount of the ordered restitution, the elimination of Widener's obligation to pay any of the remaining balance does not implicate Berry's obligation. He remains liable for the entire amount. Moreover, Berry has not identified other circumstances making it appropriate to modify his restitution order.[1] Accordingly, I decline to remit or modify the restitution order and his motion, ECF No. 72, is DENIED.

---

[1] Courts may modify restitution orders in appropriate circumstances. *United States v. McMahon*, No. 99-4239, 2000 WL 1039473, at *3 (4th Cir. July 28, 2000) (unpublished) (citing 18 U.S.C. § 3613A, which permits the court to adjust a payment schedule upon a finding that the defendant is in default on a payment; 18 U.S.C. § 3664(k), which permits the court to adjust the payment schedule or require payment in full upon notice of a material change in the defendant's economic circumstances; and 18 U.S.C. § 3664(n), which permits the court to require a defendant who receives substantial resources during a period of incarceration to apply them to any restitution owed).

It is so **ORDERED**.

ENTER: June 3, 2019

/s/ *James P. Jones*
United States District Judge